# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| KEITH HOBBS, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>HOMEADVISOR, INC. a Delaware corporation,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Keith Hobbs ("Plaintiff" or "Hobbs") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against HomeAdvisor, Inc. ("HomeAdvisor" or "Defendant") to stop its practice of making unsolicited telemarketing calls to the cellular telephones of consumers nationwide and to obtain redress for all persons injured by its conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Keith Hobbs is a natural person and citizen of the State of Georgia. He resides in Columbus, Muscogee County, Georgia.

2. Defendant HomeAdvisor is a corporation organized and existing under the laws of the State of Delaware with its headquarters located at 14023 Denver West Parkway, Suite 100, Golden, CO 8040.

## JURISDICTION AND VENUE

3.  This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which is a federal statute. The Court also has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), *et seq.* because the class consists of over 100 people, at least one member of the class is from a State other than Colorado, and the amount in controversy, when aggregated, exceeds $5,000,000. Further, none of the exceptions to CAFA jurisdiction apply.

4.  The Court has personal jurisdiction over Defendant because it has ongoing and continuous contacts with this District, is headquartered and resides in this District, solicits significant consumer business in this District, has entered into contracts in this District, and the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

5.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District.

## COMMON FACTUAL ALLEGATIONS

6.  Defendant HomeAdvisor is an online marketplace (URL https://www.homeadvisor.com) (last visited February 25, 2019) where consumers seeking home repairs are paired with contractors in their geographic area.

7.  On information and belief, Defendant conducts a wide-scale telemarketing scheme that features the placement of calls to consumers in an effort to grow and expand its network and to recruit new users of the website.

8.  Unfortunately for consumers, Defendant casts its marketing net too wide. That is,

in an attempt to promote its businesses and to expand its network and recruit new customers, Defendant conducted (and continues to conduct) a telemarketing campaign that features the repeated making of unsolicited calls to consumers' cellular telephones using an automatic telephone dialing system ("ATDS") in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

9. In Defendant's attempt to market its services, it placed (and continues to place) autodialed phone calls to consumers that never provided consent to be called and to consumers with whom it has no prior relationship.

10. The TCPA was enacted to protect consumers from unsolicited telephone calls like those alleged in this case.

11. In response to Defendant's unlawful conduct, Plaintiff files the instant lawsuit and seeks injunctive and declaratory relief requiring Defendant to cease all unsolicited telephone calling activities to consumers as complained of herein and an award of statutory damages to the members of the Class under the TCPA, together with pre- and post-judgment interest, costs and reasonable attorneys' fees.

12. By making the telephone calls at issue in this Complaint, Defendant caused Plaintiff and the members of the Class actual harm and cognizable legal injury. This includes aggravation, nuisance, and invasions of privacy that result from the placement and receipt of such unwanted calls, a loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, and an interruption in and loss of the use and enjoyment of their telephones, including the related data, software, and hardware components, and wear and tear on such components including the consumption of battery life, among other harms.

13. Defendant knowingly made (and continues to make) telemarketing calls without the prior express consent of the call recipients.

14. As such, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, it also intentionally and repeatedly violated the TCPA.

## FACTS SPECIFIC TO PLAINTIFF KEITH HOBBS

15. Plaintiff Hobbs is the primary and customary user of the cellular telephone number ending in 7558.

16. Beginning in or around December 2018, Plaintiff Hobbs received a series of telemarketing calls from Defendant.

17. The calls were unsolicited—Hobbs never provided prior express consent to Defendant or its agents to call him.

18. Hobbs never signed up for HomeAdvisor.

19. To the extent the calls were made by a third party, the calls were made on behalf of the Defendant and with Defendant's permission, knowledge, and approval.

20. During at least one of the calls, Plaintiff Hobbs asked not to be called anymore but continued to receive calls from HomeAdvisor.

21. During subsequent calls from Defendant, Hobbs reminded the caller of his prior do not call requests.

22. In making the calls, Defendant or its agent used an automatic telephone dialing system ("ATDS"). Hobbs heard a pause prior to Defendant's operator coming on the line, a telltale sign of an ATDS. On information and belief, the technology and equipment used by Defendant had the present capacity to store and dial random or sequential numbers. The dialer

4

functioned like a predictive dialer in that it allowed for calls to be placed *en masse* without human intervention.

23. Multiple complaints regarding Defendant's calls may be found online from consumers who claim they were called without permission as well as at least one employee who admits to "cold calling" consumers.

24. Plaintiff Hobbs does not have a current relationship with Defendant and never provided any form of prior express consent to be called by the Defendant or its agent.

25. By making the telephone calls at issue in this Complaint, Defendant caused Plaintiff actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the placement and receipt of such unwanted calls, a loss of value realized for the monies consumers paid to his wireless carriers for the receipt of such calls, and the interruption and loss of the use and enjoyment of his telephones, including the related data, software, and hardware components, and wear and tear on such components including the consumption of battery life, among other harms.

26. Defendant is and remains aware that the above-described telephone calls are and were being made to consumers like Plaintiff who had not consented to receive them.

## CLASS ALLEGATIONS

27. In accordance with Fed. R. Civ. P. 23 Plaintiff Hobbs brings this action on behalf of himself and two nationwide Classes defined as follows:

> **Autodialed No Consent Class:** All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the class members; (2) Defendant, or a third person acting on behalf of Defendant, called on the person's cellphone; (3) for the same purpose for which Defendant caused Plaintiff to be called, (4) using the same technology that was used to call the Plaintiff; and (5) for whom Defendant claims it obtained prior express

consent in the same manner as Defendant claims it obtained prior express consent to call the Plaintiff.

**Stop Class:** All members of the Autodialed No Consent Class who requested not to be called but received at least one additional autodialed call.

The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons. Plaintiff anticipates the need to amend the class definition following discovery into the scope of the classes, the manner by which the Plaintiff supposedly consented to receipt of the calls, the technology used to place the calls, and the identity of any other persons who should be included as party defendants.

28. **Numerosity**: The exact sizes of the Classes are unknown and not available to Plaintiff at this time, but individual joinder is impracticable. On information and belief, Defendant made telephone calls to thousands of consumers who fall into the definition of the Classes. Members of the Classes can be identified through reference to objective criteria, including Defendant's business records, consumer phone records, and other objective evidence to be gained in discovery.

29. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any

6

questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

      (a)    Whether Defendant's conduct violated the TCPA;

      (b)    Whether Defendant systematically made telephone calls to individuals who did not previously provide Defendant and/or their agents with their prior express consent to receive such phone calls;

      (c)    Whether Defendant made the calls with the use of an ATDS;

      (d)    Whether Defendant's calls were telemarketing calls;

      (e)    Whether Defendant called people who asked not to be called; and

      (f)    Whether Defendant's acted willfully such that treble damages are warranted.

30.    **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Classes. Plaintiff is a member of the Classes and, together with the other Class members, suffered identical harm and damages as a result of Defendant's uniform wrongful conduct, namely its repeated making of unlawful telemarketing calls.

31.    **Fair and Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions, including class actions under the TCPA for autodialed calls and similar cases. Plaintiff has no interest antagonistic to those of the Classes, and Defendant have no defenses unique to Plaintiff.

32.    **Conduct Similar Towards All Class Members under Rule 23(b)(2)**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds

generally applicable to the Classes as respective wholes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Classes as respective wholes. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as respective wholes, not on facts or law applicable only to Plaintiff.

33. **Superiority & Manageability under Rule 23(b)(3)**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court for each of the Classes. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227(b),** *et seq***.**
**(On behalf of Plaintiff and the Autodialed Class)**

34. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

35. Defendant made unsolicited and unwanted autodialed telemarketing calls to telephone numbers belonging to Plaintiff and the other members of the Autodialed Class—without their prior express written consent—in an effort to sell their products and services.

36. Under the TCPA, it is unlawful:

> for any person within the United States, or any person outside the United States if the recipient is within the United States—(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call….

37. Defendant violated the TCPA by making unsolicited telephone calls to Plaintiff and members of the Autodialed No Consent Class's telephones using an ATDS without first obtaining prior express consent.

38. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Autodialed Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones, lost data, and other damages, and, under Section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

39. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed Class.

## SECOND CAUSE OF ACTION
### Violation of 47 U.S.C. § 227(b), *et seq*.
### (On behalf of Plaintiff and the Stop Class)

40. Plaintiff incorporates the foregoing allegations as if set forth fully herein.

41. Plaintiff and the other members of the Stop Class requested that Defendant and its agents stop placing calls to them.

42. Despite such requests, Defendant placed additional autodialed calls to the Stop class members.

43. Any consent to call had been expressly revoked.

44. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Stop Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones, lost data, and other damages, and, under Section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

45. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Stop Class.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Keith Hobbs, individually and on behalf of the Classes, prays for the following relief:

1. An order certifying the Classes as defined above, appointing Plaintiff Hobbs as the representative of the Classes and appointing his counsel as Class Counsel;

2. A declaration that Defendant utilized an ATDS to place calls to Plaintiff and the

Classes without prior express consent;

3. A declaration that Defendant utilized an ATDS to place calls to Plaintiff and other consumers who asked to no longer be called;

4. An injunction barring such unsolicited calls;

5. An award of actual and statutory damages to be paid into a common fund for the benefit of Plaintiff and the other Class Members;

6. Pre- and post-judgment interest as allowed by law;

7. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

8. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff request a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**KEITH HOBBS**, individually and on behalf of all others similarly situated,

Dated: February 26, 2019

By: /s/ Steven L. Woodrow
One of Plaintiff's Attorneys

Steven L. Woodrow
swoodrow@woodrowpeluso.com
Patrick H. Peluso
ppeluso@woodrowpeluso.com
Taylor T. Smith
tsmith@woodrowpeluso.com
Stephen A. Klein
sklein@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E. Mexico Avenue, Suite 300
Denver, CO 80210
Phone: (720) 213-0675